UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SELENE FINANCE, L.P., a limited partnership,<br><br>                    Plaintiff,<br>     v.<br><br>MAX HOLM, an individual,<br><br>                    Defendant. | Case No. 2:15-cv-00926-RFB-GWF<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court is Plaintiff Selene Finance, L.P.'s Renewed Motion for Partial Summary Judgment. ECF No. 45. Defendant Max Holm failed to oppose the motion, and the time to do so has expired. See docket. Plaintiff filed a Notice of Non-Opposition. ECF No. 46.

### II.   PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") in 2014. ECF No. 1. Plaintiff sued Defendant on May 18, 2015, asserting claims for quiet title and for declaratory relief as to the parties' interests in the property. Id. Defendant answered the complaint on August 14, 2015. ECF No. 16.

The parties both moved for summary judgment on April 11, 2016. ECF Nos. 23, 24. On March 2, 2017, the Court denied the motions without prejudice and stayed the matter pending the resolution of appeals in similar matters: Bourne Valley Court Tr. v. Wells Fargo Bank, N.A., 832

F.3d 1154 (9th Cir. 2016) and Saticoy Bay, LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A., 388 P.3d 970, 973 (Nev. 2017). ECF No. 32. The Court also stayed the case based on its intent to certify a relevant question of law to the Nevada Supreme Court. Id. The stay was lifted on January 14, 2019. ECF No. 44.

Plaintiff now moves for partial summary judgment on the theory that its predecessors provided tender to satisfy the superpriority portion of the HOA's lien. ECF No. 45. An opposition was due by March 12, 2019. After Defendant failed to respond by the deadline, Plaintiff filed a Notice of Non-Opposition on March 25, 2019. ECF No. 46. Defendant has not responded as of the date of this order.

### III.  FACTUAL BACKGROUND

#### a.  Undisputed Facts[1]

Brenda K. Starks obtained a loan from a lender to purchase the property located at 3865 Van Ness Avenue, North Las Vegas, Nevada 89081. The loan was secured by a deed of trust, which was recorded on February 13, 2008. The deed of trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary in its role as the nominee for the lender and the lender's successors and assigns.

The property sits in a community that is governed by a homeowners' association ("HOA"). After Starks became delinquent in the HOA dues, the HOA[2] recorded a notice of delinquent assessment lien on December 13, 2013. The notice stated that Starks owed $1,260.00 as of December 11, 2013. The HOA then recorded a notice of default and election to sell on January 22, 2014 and a notice of sale on May 1, 2014. The latter indicated that the amount owed was $3,197.99.

On May 19, 2014, MERS (as nominee for Bank of America, N.A., the successor by merger

---

[1] The Court takes judicial notice of the publicly recorded documents referenced herein. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (cited with support by Koenig v. Bank of Am., N.A., 714 F. App'x 715, 716 (9th Cir. 2018)); see also Fed. R. Evid. 201(b)(2).

[2] The HOA acted through its agent, Absolute Collection Services, LLC when recording the multiple notices and when corresponding with MERS.

to BAC Home Loans Servicing, LP) requested that the HOA provide a ledger to identify the superpriority portion of the lien. The ledger reported that the monthly assessment was $91.00, totaling $819.00 in relation to the superpriority amount of the lien. The ledger did not report any nuisance-abatement charges.

On June 13, 2014, MERS provided a cashier's check for $819.00—the superpriority amount of the delinquent dues—to the HOA.[3] The HOA accepted the payment and applied it to Starks's account. No additional notices were recorded by the HOA subsequent to the payment.

On July 15, 2014, the HOA foreclosed on the property. A foreclosure deed in favor of Defendant was recorded on July 17, 2014.

MERS assigned the senior deed of trust to Plaintiff on December 9, 2014.

### b. Disputed Facts

The Court finds the facts pertinent to this order are uncontested due to Defendant's failure to respond and in light of Plaintiff's exhibits and the publicly recorded documents pertaining to the property.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

---

[3] In Defendant's previous motion for summary judgment, Defendant acknowledges that Plaintiff's predecessor paid the dues owed for the previous nine months, stating: "[i]t is undisputed that [Plaintiff's predecessor] only made a payment of exactly nine-months of assessments, and did not include any collection costs, late fees, or interest." ECF No. 24 at 22.

issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V.   DISCUSSION

Plaintiff seeks to quiet title or to obtain declaratory relief in relation to the property, arguing that the superpriority portion of the HOA's lien was satisfied when MERS tendered the $819.00 prior to the nonjudicial foreclosure sale. The Court agrees.

"[A] first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." Bank of Am., N.A. v. SFR Investments Pool 1, LLC, 427 P.3d 113, 116 (Nev. 2018) (en banc). The superpriority component of an HOA lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the sub-priority component consists of "all other HOA fees and assessments." SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014).

Defendant purchased the property subject to the deed of trust subsequently assigned to Plaintiff since Plaintiff's predecessor satisfied the superpriority portion of the HOA's lien by tendering $819.00 prior to the nonjudicial foreclosure sale. The ledger identified the monthly assessment as $91.00, totaling to $819.00 for nine months of unpaid HOA dues. Because no nuisance-abatement charges were incurred per the ledger, Plaintiff's predecessor satisfied the superpriority portion of the HOA's lien by tendering $819.00 prior to the foreclosure sale. The tender did not need to capture the remaining outstanding balance in order to cover the superpriority component of the lien under SFR Investments Pool 1. 427 P.3d 113. Thus, the foreclosure sale did not extinguish the deed of trust but instead satisfied only the sub-priority portion of the HOA's lien. Defendant purchased the property subject to the deed of trust accordingly.

In light of the above, the Court grants summary judgment in favor of Plaintiff on its third claim and declares that the foreclosure sale did not extinguish the deed of trust on the property.

///

The Court also dismisses Plaintiff's remaining claims as moot, finding that Plaintiff clearly pleads the claims in the alternative.

### VI.   CONCLUSION

**IT IS ORDERED** that Plaintiff's Renewed Motion for Partial Summary Judgment (ECF No. 45) is GRANTED. The Court declares that Plaintiff's senior deed of trust remained an encumbrance on the property at the time of the foreclosure sale and that Defendant purchased the property subject to the senior deed of trust.

**IT IS FURTHER ORDERED** that the remaining claims in this matter are DISMISSED as moot. The Clerk of Court is instructed to close this case.

DATED this 20th day of May, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE